IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE E. LONG III, | No. 4:22-CV-01379 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN J. SAGE, | |
| Respondent. | |

MEMORANDUM OPINION

NOVEMBER 21, 2022

Petitioner George E. Long III is currently in federal custody in Ohio. While imprisoned at the Federal Correctional Institution, Schuylkill, in Minersville, Pennsylvania, he filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Long asserts that his procedural due process rights were violated and that his disciplinary infraction should be overturned and expunged. For the following reasons, the Court must dismiss Long's Section 2241 petition.

I.  **BACKGROUND**

Long is serving a 48-month sentence for conspiracy to commit wire fraud.[1] On August 18, 2022, an incident report was filed against Long, alleging that he went through the lunch line two times and charging him with a Code 219 violation,

---

[1] Doc. 10-1 at 3 ¶ 3.

"Stealing," for receiving a second tray valued at $1.25.[2]  In the incident report, it is noted that Long allegedly responded to the Unit Discipline Committee (UDC), "It's true I apologize."[3]  On August 23, 2022, a hearing was held before a Discipline Hearing Officer (DHO), after which the DHO found Long guilty of the offense and sanctioned him to loss of 7 days' good conduct time, loss of commissary for 90 days, and a fine of $100.00 (which was suspended 180 days).[4]  The DHO further noted that the loss of good conduct time was "a mandatory sanction for [Long's] sentencing guidelines."[5]

Long filed the instant Section 2241 petition on August 26, 2022,[6] approximately a week after the incident and only three days after his hearing before the DHO.  Respondent filed a response to the petition, and Long did not file a traverse (or reply).  Long's petition is therefore ripe for disposition.

II.   DISCUSSION

Long contends that his Fifth Amendment procedural due process rights were violated.  He alleges that he was not provided with written notice of his rights or the charge against him at least 24 hours in advance of his hearing before the DHO, in violation of Bureau of Prison (BOP) policy and procedural due process.

---

[2] Doc. 10-1 at 6.
[3] *Id.* at 7.
[4] *Id.* at 11.
[5] *Id.*
[6] *See generally* Doc. 1; *see id.* at 8.

Respondent counters that Long's Section 2241 must be denied because he failed to exhaust administrative remedies and because the petition is meritless.

## A. Failure to Exhaust Administrative Remedies

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims.[7] Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy."[8]

The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment.[9] That process begins with an informal request to staff and progresses to formal review by the warden, appeal to the Regional Director, and—ultimately—final appeal to the General Counsel.[10] In challenges to disciplinary proceedings before a DHO, that administrative process is modified slightly, and only requires an inmate to appeal the DHO's decision to the Regional Director and then to final review with the General Counsel.[11]

---

[7] *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).
[8] *Moscato*, 98 F.3d at 761-62 (citations omitted)
[9] *See generally* 28 C.F.R. §§ 542.10-.19.
[10] *See id.* §§ 542.13-.15.
[11] *See id.* §§ 542.14(d)(2), 542.15.

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.[12] Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that involves only statutory construction.[13] Exhaustion is likewise excused when it would be futile.[14]

Long concedes that he did not exhaust his administrative remedies.[15] He first contends that exhaustion should be excused because his case presents "a clear violation of a statutory and constitutional right."[16] The Court cannot agree, as Respondent has provided documentary evidence showing that Long received written notice of his rights and the charge against him on August 18 and August 19, 2022.[17] Although Long appears to contend that he did not receive this written notice, that contention merely creates a dispute of fact, not a "clear violation" of his due process rights.

---

[12] *See Moscato*, 98 F.3d at 761.
[13] *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).
[14] *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see Cottillion v. United Refining Co.*, 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement).
[15] *See* Doc. 1 at 2, 3, 6.
[16] Doc. 2 at 2.
[17] *See* Doc. 12-1 at 6 (noting that a copy of the incident report was delivered to Long on August 18, 2022 at 4:40 p.m.); *id.* at 9 (noting that Long was advised of his rights on August 19, 2022 by "C. Brill"); *id.* at 13-14 (copies of "Notice of Discipline Hearing Before the (DHO)" and "Inmate Rights at Discipline Hearing" forms, which contain notice of the charge and inmate's rights, signed by Long and dated August 19, 2022).

Long also argues that exhaustion should be excused because he will suffer "irreparable harm," as he will soon be transferred to a "Low" facility to participate in the Residential Drug Abuse Program (RDAP), and the instant disciplinary infraction will prevent him from receiving a sentence reduction under RDAP.[18] Again, the Court cannot agree. Accepting this argument would essentially eliminate the administrative exhaustion requirement for disciplinary infractions that have any adverse effect on a prisoner's participation in, or eligibility for, a BOP program that could reduce a prisoner's term of incarceration or affect the execution of an inmate's sentence.

Consequently, Long cannot circumvent the administrative exhaustion process for his Section 2241 petition. This Court, therefore, must dismiss his unexhausted petition for lack of jurisdiction.[19]

### B. Due Process Challenge

Even if Long had properly exhausted his due process claim, the Court observes that it is likely meritless. Inmates retain certain procedural due process rights in prison disciplinary proceedings, although these rights "may be curtailed by the demands and realities of the prison environment."[20] *Wolff v. McDonnell* enumerates those protections and requires, at minimum, (1) the right to appear

---

[18] Doc. 2 at 2.
[19] *See Moscato*, 98 F.3d at 762.
[20] *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991) (citing *Wolff v. McDonnell*, 418 U.S. 539, 555-56 (1974)).

5

before an impartial decision-making body; (2) written notice of the charge(s) at least 24 hours in advance of the disciplinary hearing; (3) an opportunity to call witnesses and present documentary evidence (so long as the presentation of such evidence is not "unduly hazardous to institutional safety or correctional goals"); (4) if the inmate is illiterate or complex issues are involved, assistance from another inmate or a staff member; and (5) a written decision by the factfinder setting forth the evidence relied on and the reasons for the disciplinary action.[21]

As noted above, Long only challenges the second requirement established by *Wolff v. McDonnell*. But his allegation that he did not receive advance written notice of the charge or of his rights is belied by the record. Respondent has produced authenticated copies of the BOP's "Notice of Discipline Hearing Before the (DHO)" and "Inmate Rights at Discipline Hearing," in which Long is given written notice of the stealing charge, the code number of the violation, the date of the offense, and the full panoply of prisoners' rights with respect to defending against a disciplinary charge.[22] Both of these documents are signed by Long and dated August 19, 2022—four days before the DHO hearing.[23] Long does not challenge this documentary evidence or assert that it is not his signature that appears on these forms. Accordingly, even if Long had properly exhausted his

---

[21] *Wolff*, 418 U.S. at 563-70 (citations omitted).
[22] *See* Doc. 12-1 at 13-14.
[23] *See id.*

claims, they would likely still fail on the merits.

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss Long's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge